UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ALVARADO,<br><br>            Petitioner,<br><br>   v.<br><br>California Department of Corrections,<br><br>            Respondent. | No. C 06-2888 JSW (PR)<br><br>**ORDER DISMISSING PETITION WITH LEAVE TO AMEND, REQUIRING ELECTION BY PETITIONER ON MIXED PETITION AND INSTRUCTIONS TO CLERK** |

**INTRODUCTION**

Jose Alvarado, California prisoner, filed this action for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner has paid the filing fee. This matter comes before the Court on initial review of the petition, but the Court is unable to issue an order to show cause because of a threshold problem: Petitioner has stated in the petition that one of the claims therein was not presented to the California Supreme Court for its consideration. In other words, state judicial remedies as to that claim has not been exhausted. The Court now requires Petitioner to make an election as to how he wants to resolve the problem of his unexhausted claims in this Court.

Moreover, Petitioner has named as respondent the California Department of Correction and the California Attorney General. The proper respondent in a federal habeas corpus petition is the petitioner's immediate custodian. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992). A custodian "'is the person having a day-to-day control over the prisoner. That person is the only one who can produce 'the body' of the petitioner.'" *Id.* (quoting *Guerra v. Meese*, 786 F.2d 414, 416 (D.C. Cir. 1986)). "This person typically is the

warden of the facility in which the petitioner is incarcerated." *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994). Failure to name Petitioner's custodian as a Respondent deprives federal courts of personal jurisdiction. *Id.* However, a petitioner ordinarily should be given leave to amend his petition to name the correct party as respondent. *See id.* Petitioner is granted leave to amend to name the proper respondent in this matter. For this and the below reasons, the petition will be dismissed with leave to amend.

## BACKGROUND

According to the petition, Petitioner was convicted by a jury in Santa Clara County Superior Court and ultimately sentenced to a term of one year in state prison. According to the petition, Petitioner has been released and remains on parole.[1] Petitioner appealed his conviction to the California Court of Appeal which affirmed the conviction and the Supreme Court of California denied Petitioner's petition for review. Petitioner filed the instant petition on April 27, 2006. In his petition, Petitioner notifies the Court that one of the six claims raised has not been presented to the California Supreme Court. Therefore, as Petitioner now has a mixed petition (containing both exhausted and unexhausted claims) pending before this Court, the petition must be dismissed and Petitioner must notify the Court of how he would like to proceed.

## DISCUSSION

The exhaustion requirement requires that prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement first exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b),(c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982); *Duckworth v. Serrano*, 454 U.S. 1,

---

[1] Because Petitioner may face collateral consequences as a result of the conviction, the petition is not rendered moot by Petitioner's release. *See Wood v. Hall*, 130 F.3d 373, 376 (9th Cir. 1997), *cert. denied*, 523 U.S. 1129 (1998).

3 (1981). The exhaustion-of-state-remedies doctrine reflects a policy of federal-state comity to give the state "'the initial "opportunity to pass upon and correct" alleged violations of its prisoners' federal rights.'" *Picard v. Connor*, 404 U.S. 270, 275 (1971) (citations omitted). A federal district court must dismiss a habeas petition containing any claim as to which state remedies have not been exhausted. *See Rose v. Lundy*, 455 U.S. at 522. However, the dismissal must be with leave to amend to delete the unexhausted claims; if they are deleted, the court can then consider those which remain. *See Anthony v. Cambra*, 236 F.3d 568, 574 (9th Cir. 2000). Also, in some circumstances, the court has the power to grant a stay of the federal proceeding while petitioner goes back to state court to exhaust additional claims. *Rhines v. Webber*, 125 S. Ct. 1528, 1535 (2005).

The evidence before the Court indicates that Petitioner did not exhaust his state court remedies as to one of his claims now pending before this Court. Based on Petitioner's assertion that his federal petition contains both exhausted claims and an unexhausted claim, the Court finds that it is a mixed petition. Petitioner cannot go forward in federal court with a mixed petition. *See id.; Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir. 1988).

Due to a critical one-year statute of limitations on the filing of federal habeas petitions, *see* 28 U.S.C. § 2244(d), the Court is reluctant to dismiss a mixed petition (and possibly cause a later-filed petition to be time-barred) without giving Petitioner the opportunity to elect whether to proceed with just his exhausted claims, or to try to exhaust the unexhausted claims before having this Court consider the petition. Accordingly, before this action will be dismissed, Petitioner will be given an opportunity to choose whether he wants to:

(1) dismiss the unexhausted claims and go forward in this action with only the exhausted claims, or

(2) terminate this action and complete the exhaustion of his state court claims before filing a new federal petition presenting all of his claims.

This case will be dismissed with leave to make a choice among the two listed above, that is, whether to amend to delete the unexhausted claim or to voluntarily dismiss the entire

petition. If Petitioner does not amend, the case will be dismissed without prejudice. If the case is dismissed for failure to amend, or if Petitioner voluntarily dismisses the petition, he should note that any new federal petition he might attempt to file thereafter would probably be barred by the statute of limitations.

Petitioner is warned that if he chooses option (1), to delete the unexhausted issue and proceed now with the five claims which are exhausted, a subsequent petition directed to the same conviction (for instance, attempting to raise the now-unexhausted claim) may be barred as second or successive or abusive. *See* 28 U.S.C. § 28 U.S.C. 2244(b)(1); *Lundy*, 455 U.S. at 521. He also would have to obtain permission from the Ninth Circuit Court of Appeals in order to file such a second petition. *See* 28 U.S.C. § 2244(b)(3)(A).

If he chooses option (2), to dismiss this case and return later with a completely exhausted petition, that petition will likely be barred by the one-year statute of limitations contained in 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for collateral review (such as a state habeas petition) is pending is excluded from the one-year time limit. *Id.* § 2244(d)(2). Depending on when direct review was completed; possible application of another starting date for the statute of limitations; when any applications for collateral review, such as state habeas petitions, were filed; and when a new federal petition is filed, a new petition might be barred. The time a federal petition, such as this one, is pending is *not* excluded from the one-year limit. *Duncan v. Walker*, 121 S. Ct. 2120, 2129 (2001). It appears that the statute of limitations may have already expired here. Petitioner should exercise caution in exercising this option.

In some circumstances, a third alternative involving the issuance of a stay of the federal proceedings while a petitioner exhausts additional claims in state court may be available. *Rhines*, 125 S. Ct. at 1535. The Supreme Court has recently specified the circumstances under which a petitioner may be granted a stay of the federal petition in order to exhaust additional claims in the state courts. In *Rhines*, the Supreme Court noted that before the district court may grant a stay for that purpose, the district court must first determine that Petitioner has (1) shown good cause for his failure to exhaust these issues

earlier; and (2) shown that the issues are "potentially meritorious." *Rhines*, 125 S. Ct. at 1535. In this case, no such stay of the federal proceeding is available to Petitioner. In the petition, Petitioner has stated that his reason for failing to exhaust his additional claim was "because I failed to mention this to my Appellate attorney and my trial counsel did not pursue this issue further." Petition at 6. While this Court finds that Petitioner's ineffective assistance of counsel claim may be "potentially meritorious" as required under *Rhines*, Petitioner has not shown good cause for his failure to exhaust, as Petitioner's statement reflects that he knew of this claim as recently as when his trial counsel failed to take action at trial. Failing to mention a claim to one's appellate attorney and not taking any further action with regard to the claim until it is filed in federal court years later does not constitute good cause for the delay. As such, no such option is available to Petitioner here.

## CONCLUSION

For the foregoing reasons, the court now dismisses the petition with leave to amend to either delete the unexhausted claim or to dismiss the petition in its entirety and to name the proper Respondent. Petitioner must respond to this Court's order no later than thirty days from the date of this order. If Petitioner fails to timely comply with this order, this action will be dismissed without further leave to amend.

IT IS SO ORDERED.

DATED: October 16, 2006

JEFFREY S. WHITE
United States District Judge